IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Gregory Dyer,** | |
| Plaintiff, | |
| vs. | Case No.: |
| **Experian Information Solutions, Inc.,** an Ohio corporation, | |
| **Equifax Information Services, LLC** a Georgia corporation, | **COMPLAINT** |
| **Trans Union, LLC,** a Delaware limited liability company, | **JURY TRIAL DEMAND** |
| **Merrick Bank Corporation,** an Utah corporation, | |
| **First Premier Bank,** a South Dakota company, and | |
| **HSBC Bank, USA, N.A.,** a national banking association. | |
| Defendants. | |

NOW COMES THE PLAINTIFF, GREGORY DYER, BY AND THROUGH

COUNSEL, and for his Complaint against the Defendants, pleads as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

1

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of O'Fallon, Saint Charles County, Missouri.

4. Venue is proper in this Federal District Court, Eastern District of Missouri, Eastern Division.

**PARTIES**

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in St. Louis County, Missouri;

    b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Cole County, Missouri;

    c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Cole County, Missouri;

    d. Merrick Bank Corporation ("Merrick Bank"), which is an Utah corporation that conducts business in Saint Charles County, Missouri;

    e. First Premier Bank ("First Premier"), which is a South Dakota company that conducts business in Saint Charles County, Missouri; and

    f. HSBC Bank, USA, N.A. ("HSBC Bank"), which is a national banking association that conducts business in Saint Charles County, Missouri.

## **GENERAL ALLEGATIONS**

6. The following furnishers are reporting multiple charge offs on the following trade lines on Plaintiff's below credit files:

    a. Equifax:

        i. Merrick Bank, account number: 412061407018…. (reporting multiple charge offs between the years of 2013 through 2016); and
        ii. First Premier Bank, account number: 517800641552…. (reporting multiple charge offs in March and April 2013).

    b. Trans Union :

        i. Merrick Bank, account number: 412061407018…. (reporting multiple charge offs between the years of 2013-2016);
        ii. First Premier Bank, account number: 517800641552…. (reporting multiple charge offs between the years of 2014-2016); and
        iii. HSBC Bank, account number: 515599002683…. (reporting multiple charge offs between October 2011 through February 2012).

    c. Experian:

        i. First Premier Bank, account number: 517800641552…. (reporting multiple charge offs between the years of 2013-2016); and
        ii. Merrick Bank, account number: 412061407018…. (reporting multiple charge offs between the years of 2013-2016).

7. The above trade lines are hereinafter referred to as "Errant Trade Lines."

8. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly largely and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

3

9. Credit reporting is a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

10. The multiple charge offs convey to any user or prospective of Mr. Dyer's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

11. In late January 2016, Mr. Dyer obtained his Experian, Equifax and Trans Union ("Credit Reporting Agencies" or "CRAs") credit files and noticed the multiple charge offs on the Errant Trade Lines.

12. On or about March 21, 2016, Mr. Dyer submitted letters to the CRAs disputing the multiple charge offs on the Errant Trade Lines.

13. Upon information and belief, the CRAs transmitted Mr. Dyer's consumer disputes to Merrick Bank, First Premier and HSBC Bank.

14. On or about April 1, 2016, Mr. Dyer received Trans Union's investigation results which showed that Merrick Bank, HSBC and First Premier retained the multiple charge offs on the Errant Trade Lines.

15. On or about April 7, 2016, Mr. Dyer received Equifax's investigation results which showed that Merrick Bank and First Premier retained the multiple charge offs on the Errant Trade Lines.

16. On or about April 28, 2016, Mr. Dyer received Experian's investigation results which showed that First Premier and Merrick Bank retained the multiple charge offs on the Errant Trade Lines.

4

## <u>COUNT I</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MERRICK BANK

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by the CRAs of Mr. Dyer's consumer dispute of the multiple charge offs of the Errant Trade Line, Merrick Bank negligently failed to conduct a proper investigation of Mr. Dyer's dispute as required by 15 USC 1681s-2(b).

19. Merrick Bank negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove the multiple charge offs from the Errant Trade Line.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Dyer's consumer credit files with the CRAs to which it is reporting such trade line.

21. As a direct and proximate cause of Merrick Bank's negligent failure to perform its duties under the FCRA, Mr. Dyer has suffered damages, mental anguish, suffering, humiliation and embarrassment.

22. Merrick Bank is liable to Mr. Dyer by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mr. Dyer has a private right of action to assert claims against Merrick Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Merrick Bank for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MERRICK BANK

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by the CRAs that Mr. Dyer disputed the accuracy of the information it was providing, Merrick Bank willfully failed to conduct a proper reinvestigation of Mr. Dyer's dispute.

26. Merrick Bank willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Merrick Bank's willful failure to perform its duties under the FCRA, Mr. Dyer has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28. Merrick Bank is liable to Mr. Dyer for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Merrick Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by the CRAs of Mr. Dyer's consumer dispute of the multiple charge offs of the Errant Trade Line, First Premier negligently failed to conduct a proper investigation of Mr. Dyer's dispute as required by 15 USC 1681s-2(b).

31. First Premier negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove the multiple charge offs from the Errant Trade Line.

32. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Dyer's consumer credit files with the CRAs to which it is reporting such trade line.

33. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Mr. Dyer has suffered damages, mental anguish, suffering, humiliation and embarrassment.

34. First Premier is liable to Mr. Dyer by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Mr. Dyer has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant First Premier for damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by the CRAs that Mr. Dyer disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Mr. Dyer's dispute.

38. First Premier willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Mr. Dyer has suffered damages, mental anguish, suffering, humiliation and embarrassment.

40. First Premier is liable to Mr. Dyer for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HSBC BANK

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Trans Union of Mr. Dyer's consumer dispute of the multiple charge offs of the Errant Trade Line, HSBC Bank negligently failed to conduct a proper investigation of Mr. Dyer's dispute as required by 15 USC 1681s-2(b).

43. HSBC Bank negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union to remove the multiple charge offs from the Errant Trade Line.

44. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Dyer's consumer credit file with Trans Union to which it is reporting such trade line.

45. As a direct and proximate cause of HSBC Bank's negligent failure to perform its duties under the FCRA, Mr. Dyer has suffered damages, mental anguish, suffering, humiliation and embarrassment.

46. HSBC Bank is liable to Mr. Dyer by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

47. Mr. Dyer has a private right of action to assert claims against HSBC Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant HSBC Bank for damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HSBC BANK

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by Trans Union that Mr. Dyer disputed the accuracy of the information it was providing, HSBC Bank willfully failed to conduct a proper reinvestigation of Mr. Dyer's dispute.

50. HSBC Bank willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

51. As a direct and proximate cause of HSBC Bank's willful failure to perform its duties under the FCRA, Mr. Dyer has suffered damages, mental anguish, suffering, humiliation and embarrassment.

52. HSBC Bank is liable to Mr. Dyer for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant HSBC Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

### COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Dyer as that term is defined in 15 USC 1681a.

55. Such reports contained information about Mr. Dyer that was false, misleading, and inaccurate.

56. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Dyer, in violation of 15 USC 1681e(b).

57. After receiving Mr. Dyer's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Dyer has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Experian is liable to Mr. Dyer by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Dyer as that term is defined in 15 USC 1681a.

62. Such reports contained information about Mr. Dyer that was false, misleading, and inaccurate.

63. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Dyer, in violation of 15 USC 1681e(b).

64. After receiving Mr. Dyer's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Dyer has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Experian is liable to Mr. Dyer by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Dyer as that term is defined in 15 USC 1681a.

69. Such reports contained information about Mr. Dyer that was false, misleading and inaccurate.

70. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Dyer, in violation of 15 USC 1681e(b).

71. After receiving Mr. Dyer's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Dyer has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

73. Equifax is liable to Mr. Dyer by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment

against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Dyer as that term is defined in 15 USC 1681a.

76. Such reports contained information about Mr. Dyer that was false, misleading and inaccurate.

77. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Dyer, in violation of 15 USC 1681e(b).

78. After receiving Mr. Dyer's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

79. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Dyer has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

80. Equifax is liable to Mr. Dyer by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive

damages along with costs, interest and reasonable attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

81. Plaintiff realleges the above paragraphs as if recited verbatim.

82. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Dyer as that term is defined in 15 USC 1681a.

83. Such reports contained information about Mr. Dyer that was false, misleading and inaccurate.

84. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Dyer, in violation of 15 USC 1681e(b).

85. After receiving Mr. Dyer's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

86. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Dyer has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

87. Trans Union is liable to Mr. Dyer by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

88. Plaintiff realleges the above paragraphs as if recited verbatim.

89. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Dyer as that term is defined in 15 USC 1681a.

90. Such reports contained information about Mr. Dyer that was false, misleading and inaccurate.

91. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Dyer, in violation of 15 USC 1681e(b).

92. After receiving Mr. Dyer's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

93. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Dyer has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

94. Trans Union is liable to Mr. Dyer by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

___/s/ Erich Vieth___
Erich Vieth MO29850
CAMPBELL LAW, LLC
20 South Sarah St.
St. Louis, MO 63108
P: 314.604-3454
F: 314.588.9188
erich@campbelllawllc.com

*and*

Gary Nitzkin, Esq.
22142 W. 9 Mile Rd
Southfield, MI 48033
gary@micreditlawyer.com
Counsel for Plaintiff
(*Pending Pro Hac Vice*)